# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DARYL FONZEL FIELDS, )
 )
       Petitioner, )
 )
v. ) Case No. CIV 14-436-RAW-KEW
 )
BRUCE HOWARD, Warden, )
 )
       Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner, a former inmate of the Oklahoma Department of Corrections, challenges his conviction in Carter County District Court Case No. CF-2012-514B for Second Degree Burglary, After Former Conviction of Two or More Felonies. He raises two grounds for relief:

    I.      Confrontation clause violation.

    II.     Fourteenth Amendment violation of due process (insufficient evidence).

The respondent alleges petitioner's claims of a Confrontation Clause violation and insufficient evidence were exhausted in Propositions I and IV of his direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). *Fields v. State*, No. F-2013-564 (Okla. Crim. App. June 3, 2014) (Dkt. 6-3). The respondent also asserts that under a liberal construction, Ground I of this habeas petition raises a claim of prosecutorial misconduct during closing arguments that was exhausted in Proposition II before the OCCA. *Id*.

The respondent further alleges, however, that Ground II of this habeas petition raises the unexhausted claim that "[t]he State withheld relevant evidence that supports Petitioner's innocence and truthfulness of why Petitioner was at the scene. Co-defendant's written statement was withheld because of its untruthfulness." (Dkt. 1 at 7). According to the

respondent, this claim potentially alleges violations of *Brady v. Maryland*, 373 U.S. 83 (1963), but the issue was not raised on direct appeal or in a post-conviction application. While petitioner maintains this claim has been exhausted, he has not shown where in the record he presented this specific issue of the co-defendant's written statement. (Dkt. 8).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction, until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is

convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

After careful review, the court finds a stay and abeyance is not warranted, because petitioner has not shown good cause for his failure to exhaust through an application for post-conviction relief the claim concerning allegedly withheld evidence. His options for proceeding with this action are to (1) dismiss the action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss the unexhausted claim and continue with the exhausted claims, or (3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state court remedies.

Therefore, petitioner is granted twenty-one (21) days to advise the court of the direction he intends to follow by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claim, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by this order will result in dismissal of this entire action.

**ACCORDINGLY,** the respondent's motion to dismiss (Docket No. 6) is DENIED, and petitioner is directed to advise the court of his intentions for proceeding in this case within twenty-one (21) days by filing an appropriate pleading as set forth above. The respondent is directed to file a response or appropriate motion within thirty (30) days of petitioner's response to this Opinion and Order.

**IT IS SO ORDERED** this 3rd day of September 2015.

**Dated this 3rd day of September, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma